IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| JOHN M. RICKS, pro se, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. RDB-16-1625 |
| STATE OF MARYLAND, et al., | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

*Pro se* plaintiff John M. Ricks ("plaintiff" or "Ricks") has filed this action against the State of Maryland, the Maryland State Police ("MSP"), and the Maryland Department of Transportation ("MDOT") (collectively, "defendants") based on the allegedly wrongful issuance of a traffic citation to Ricks, a commercial truck driver, on United States Highway #1 ("US-1") on May 4, 2016. (ECF No. 1 at ¶¶ 2, 4-5.)

Now pending before the Court is defendants' Motion to Dismiss ("Defendants' Motion") (ECF No. 9). The parties' submissions have been reviewed, and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2016). As set forth in detail below, Defendants' Motion (ECF No. 9) is GRANTED, and this case is DISMISSED WITH PREJUDICE.

### BACKGROUND

*Pro se* plaintiff John M. Ricks, a resident of the State of Florida, works as a professional truck driver. (ECF No. 7 at 2.) On the morning of May 4, 2016, Ricks was driving his truck on US-1 and crossed into Maryland from Pennsylvania. (*Id.* at ¶ 2.) Shortly

after crossing into Maryland, Ricks entered the State Weigh Station to submit for inspection. (*Id.* at ¶ 3.) Ricks was issued a traffic citation for "having a Semi-Trailer over 48 feet in length on [US-1]." (*Id.* at ¶ 4.) The crux of Ricks' Complaint is that the citation was wrongly issued because "[t]here is NO notice or signage" regarding truck size/weight restrictions on US-1 between the Maryland-Pennsylvania state line and the Maryland weigh station. (*Id.* at ¶¶ 5-11.) Thus, Ricks alleges, defendants have "set up an ambush for the express purpose of extorting money from unsuspecting commercial drivers."[1] (*Id.* at ¶ 14.)

On May 25, 2016, plaintiff filed his original Complaint alleging civil rights violations, extortion under the Racketeer Influenced Corrupt Organizations Act, 18 USC § 1961, *et seq.*, ("RICO Act"), and intentional infliction of emotional distress. (ECF No. 1.) With leave of Court, plaintiff filed an Amended Complaint on September 9, 2016. (ECF No. 7.) Through this action, Ricks seeks declaratory, injunctive, and compensatory relief. (*Id.*)

## STANDARD OF REVIEW

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the dismissal of a complaint if it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). The purpose of Rule 12(b)(6) is "to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006); *see also Goines v. Valley Cmty. Servs. Bd.*, 822 F.3d 159, 165-66 (4th Cir. 2016). The sufficiency of a complaint is assessed by reference to the pleading requirements of Rule 8(a)(2), which provides that a complaint must

---

[1] Notably, plaintiff was found "Not Guilty" for the traffic offense alleged. (ECF No. 7 at ¶¶ 41-43.) However, plaintiff seeks compensation for lost wages for the time spent "present[ing] himself before the [District Court of Maryland] to defend the unlawful citation." (*Id* at ¶ 45.)

2

contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

To survive a motion under Fed. R. Civ. P. 12(b)(6), a complaint must contain facts sufficient to "state a claim to relief that is plausible on its face." *Bell Atl., Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009). Under the plausibility standard, a complaint must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555; *see Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013).

In reviewing a Rule 12(b)(6) motion, a court "'must accept as true all of the factual allegations contained in the complaint'" and must "'draw all reasonable inferences [from those facts] in favor of the plaintiff.'" *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted); *see Houck v. Substitute Tr. Servs., Inc.*, 791 F.3d 473, 484 (4th Cir. 2015). While a court must accept as true all the factual allegations contained in the complaint, legal conclusions drawn from those facts are not afforded such deference. *Iqbal*, 556 U.S. at 678 ("[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to plead a claim); *see A Society Without a Name v. Virginia*, 655 F.3d 342, 346 (4th. Cir. 2011).

A *pro se* litigant's complaint should not be dismissed unless it appears beyond doubt that the litigant can prove no set of facts in support of his claim that would entitle him to relief. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). However, a plaintiff's status as *pro se* does not absolve him of the duty to plead adequately. *See Stone v. Warfield*, 184 F.R.D.

553, 555 (D. Md. 1999) (citing *Anderson v. Univ. of Md. Sch. Of Law*, 130 F.R.D. 616, 617 (D. Md. 1989), *aff'd*, 900 F.2d 249, 1990 WL 41120 (4th Cir. 1990)).

## ANALYSIS

Plaintiff's Amended Complaint includes five causes of action: (1) Extortion in Violation of the Racketeer Influenced Corrupt Organizations Act, 18 USC § 1961, *et seq.*, ("RICO Act") (ECF No. 7 at ¶¶ 15-20); (2) Violation of the Fourth Amendment (ECF No. 7 at ¶¶ 21-24); Interfering with Interstate Commerce (ECF No 7 at ¶¶ 25-29); (4) Deprivation of Rights Under Color of Law (ECF No. 7 at ¶¶ 30-34); and Intentional Infliction of Emotional Pain and Suffering (ECF No. 7 at ¶¶ 35-45).

Defendants move to dismiss the Amended Complaint on the basis that the State and its agencies are entitled to sovereign immunity under the Eleventh Amendment to the United States Constitution. (ECF No. 9-1 at 3-5.)

Plaintiff has filed a response in opposition to Defendants' Motion in which plaintiff disputes the application of the sovereign immunity defense to plaintiff's claims because plaintiff allegedly "was engaged in Interstate Commerce." (ECF No. 11-1 at 2-3.)

The Eleventh Amendment provides that: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. "The Eleventh Amendment immunizes states, state agencies, state instrumentalities, and state officials sued in their official capacities from suit by private parties in federal court." *Windsor v. Bd. of Educ. of Prince George's Cty.*, TDC-14-2287, 2016 WL 4939294, at *10 (D. Md. Sept. 13, 2016). *See Pennhurst State Sch. & Hosp. v.*

*Halderman*, 465 U.S. 89, 98 (1984); *Bland v. Roberts*, 730 F.3d 368, 389-91 (4th Cir. 2013). While the State of Maryland has waived its sovereign immunity in state court for certain tortious actions of state personnel—here, Count V alleges intentional infliction of emotional distress (ECF No. 7 at ¶¶ 35-50)—it has not consented to tort suits brought in federal court. Md. Code Ann., State Gov't § 12-104 (West). *See Davenport v. Maryland*, 38 F. Supp. 3d 679, 691 (D. Md. 2014).[2]

As the three named defendants in this case are the State itself and two of its agencies, all claims set forth in plaintiff's Amended Complaint are barred by the Eleventh Amendment and must be DISMISSED WITH PREJUDICE.[3]

## CONCLUSION

For the reasons stated above, Defendants' Motion (ECF No. 9) is GRANTED, and this case is DISMISSED WITH PREJUDICE.

A separate Order follows.

Dated: February 13, 2017

*[signature]*

Richard D. Bennett
United States District Judge

---

[2] Moreover, while sovereign immunity may not extend to acts committed by state agents performed in their individual capacities, there are no named individual defendants in this case. Even if the individuals alleged to have issued plaintiff the traffic citation were named as defendants, there is no indication that they were acting outside the scope of their official capacities. To the contrary, issuing traffic citations to persons violating Maryland traffic laws is emphatically within the scope of their official responsibility. Ultimately, any putative claims against these individuals would also be barred by the Eleventh Amendment. *See, e.g., Calhoun-El v. Bishop*, RDB-13-3868, 2016 WL 5453033, at *2 (D. Md. Sept. 29, 2016).

[3] As plaintiff already was granted leave of Court to file an Amended Complaint, dismissal with prejudice is appropriate. (ECF No. 6.) *See Webber v. Maryland*, RDB-16-2249, 2017 WL 86015, at *6 (D. Md. Jan. 10, 2017).